(No. 4336-

FRANK T. CLIFFORD, JR., Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed March 9, 1951.*

WILLIAM G. JUERGENS, Attorney for Claimant.

IVAN A. ELLIOTT, Attorney General; C. ARTHUR NEBEL, Assistant Attorney General, for Respondent.

DELANEY, J.

On April 22, 1950 the claimant, Frank T. Clifford, Jr., employed by the respondent in the Department of Public Safety, while acting in the capacity of a guard in the Menard Branch of the Illinois State Penitentiary, was assigned to drive a State owned truck. On the above date he was instructed to remove a pushcart from the truck at the outside warehouse of the institution. At about 10:30 A.M. while unloading the pushcart, Mr. Clifford lost control of the cart, and the fourth finger, commonly called the little finger, of his left hand became caught between the pushcart tongue and a board. The

finger was severely lacerated and mashed. He reported to the Prison Hospital, but inasmuch as there was no doctor in attendance, he was sent to Dr. I. D. Newmark, at Chester, Illinois, for medical attention. Dr. Newmark found that there was an evulsion of the distal end of said finger with the nail, and one-third (⅓) of the bone damaged, and the lower one-half (½) of the flesh was hanging by a thin shred of tissue. Dr. Newmark found it necessary to amputate the first or distal phalanx of said fourth finger.

The record consists of the complaint, departmental report, and a stipulation in lieu of evidence.

At the time of the accident, claimant and respondent were operating under the provisions of the Workmen's Compensation Act of this State, and a claim for compensation was made within the time provided by the Act. The accident arose out of and in the course of claimant's employment. No claim is made for temporary total disability, nor for medical expenses, which were paid by the respondent. Claim, however, is made for total permanent disability.

Claimant was married, and he had two step-children under 16 years of age dependent upon him for support at the time of the accident, and the relationship of loco parentis is shown to have existed.

He was first employed on October 9, 1949, and received a monthly salary of $237.00 during the entire period of his employment at the Menard Branch of the Illinois State Penitentiary, which terminated September 18, 1950. Other Department employees, working in the same classification as Mr. Clifford, worked continuously through the year and earned $2,844.00 a year. His compensation rate is, therefore, the maximum of $16.00.

The injury having occurred after July 1, 1949, this

must be increased 50 per cent, making a compensation rate of $24.00 a week.

From the medical report as shown in the Departmental Report filed herein, we are of the opinion that, as a result of the accident on April 22, 1950, claimant has suffered a 50 per cent partial, permanent loss of use of the fourth finger, commonly called the little finger of his left hand, being 10 weeks.

An award is, therefore, made in favor of claimant, Frank T. Clifford, Jr., for the sum of $240.00. The respondent has paid the claimant the sum of $59.25 as an overpayment for non-productive time from the date of his injury, April 22, 1950, until he returned to work on April 29, 1950. This amount shall be deducted from claimant's award. This would make a total award due claimant of $180.75, all of which has accrued and is payable forthwith.

This award is subject to the approval of the Governor as provided in Section 3 of "An Act concerning the payment of compensation awards to State employees."